1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

Defendant.

Case No. 2:22-cv-1176

**COMPLAINT – LABOR; 29 U.S.C. §660**

Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Plaintiff" or the "Secretary"), by and through his undersigned attorneys, brings this complaint against the Defendant, United States Postal Service ("USPS"), and alleges the following:

1.     This action for injunctive and other relief, pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (29 U.S.C. §§ 651-78) ("the Act"), seeking to enforce the provisions of Section 11(c) of the Act.

2.     Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2).

3.     Defendant United States Postal Service ("USPS") sorts and delivers mail out of a facility located in Seattle, Washington, within the jurisdiction of this Court. Defendant USPS is now, and was at all relevant times, a person as defined in 29 U.S.C. § 652(4)-(6).

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, Washington 98104
Telephone: (206) 757-6757

4.      USPS hired Maurice Mitchell as a mail carrier on July 18, 2020, subject to completion of a 90-day probationary period. Mr. Mitchell's last day of employment with USPS was September 23, 2020. At all relevant times, Mr. Mitchell was an employee of USPS as defined in 29 U.S.C. §§ 652 (5)-(6).

5.      On July 18, 2020, Mr. Mitchell suffered an injury at work while he was still a probationary employee.

6.      The next day, on July 19, 2020, Mr. Mitchell reported the injury to his direct supervisor, Simpratal Singh ("Supervisor Singh"). Mr. Mitchell informed Supervisor Singh that he only required a single day of leave to rest his shoulder injury. In response, Supervisor Singh instructed Mr. Mitchell to take two days of leave.

7.      On September 9, 2020, Mr. Mitchell aggravated his shoulder injury at work while he was still a probationary employee. That same day, he verbally informed his supervisor Brian Harris ("Supervisor Harris") that he was injured.  The following day, Mr. Mitchell likewise informed Supervisor Singh that he was injured.

8.      Between September 12, 2020 and September 23, 2020, Mr. Mitchell repeatedly requested USPS complete an injury report so that Mr. Mitchell could file a worker's compensation claim. Mr. Mitchell did not receive a USPS injury report by September 23, 2020.

9.      On September 23, 2020, USPS terminated Mr. Mitchell's employment.

10.      On September 23 2020 and following his termination, Mr. Mitchell filed a whistleblower complaint with the Occupational Safety and Health Administration alleging that the Defendant discriminated against him in violation of §11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

11.      Plaintiff investigated the whistleblower complaint in accordance with §11(c)(2) of

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, Washington 98104
Telephone: (206) 757-6757

the Act.

12.     By the acts described above, and by each of said acts, Defendant discriminated against Mr. Mitchell because of Defendant's belief that Mr. Mitchell exercised his rights under or related to the Act, and thereby Defendant engaged in, and is engaging in, conduct in violation of §11(c)(1) of the Act.  29 U.S.C. § 660(c)(1).

## **PRAYER FOR RELIEF**

1.     WHEREFORE, cause having been shown, the Secretary of Labor prays for a Judgment against Defendant as follows:

(1)     For an Order permanently enjoining Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. §660(c)(1); and

(2)     For all appropriate relief as follows:

a.     Payment to Mr. Mitchell for lost wages and benefits including interest thereon, compensatory damages, plus pre- and post-judgment interest accruing thereon; and

b.     For an Order directing Defendant to expunge any adverse references from Mr. Mitchell's personnel record and reinstate Mr. Mitchell with full-time employment and all attendant benefits and privileges; and

c.     For an Order directing Defendant USPS and its officers, supervisors, and lead employees to be trained in the whistleblower provisions of the Act; and

d.     For an Order requiring posting in a prominent place at Defendant USPS' Seattle, Washington facility for 90 (ninety) days a Notice stating Defendant will not in any manner discriminate against employees because of engagement,

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, Washington 98104
Telephone: (206) 757-6757

whether real, perceived, or suspected, in activities protected by Section 11(c) of the Act; and

e.       For an Order granting such other and further relief as may be necessary and appropriate in this action, including costs and attorneys' fees.

Respectfully submitted this 23rd day of August, 2022.

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

JEANNIE GORMAN
Whistleblower Coordinator


By */s/ Natasha Magness*

NATASHA MAGNESS
Trial Attorney
U.S. DEPARTMENT OF LABOR

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, Washington 98104
Telephone: (206) 757-6757